KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7959
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile:  (775) 996-7290
E-mail: kad@darbylawpractice.com
             tricia@darbylawpractice.com

[Proposed] Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SCOTT A. CORRIDAN,<br><br><br>Debtor.<br>_____/ | CASE NO.:   BK-N-23-50366-NMC<br>Chapter 11 Subchapter V<br><br>**DEBTOR'S STATUS CONFERENCE REPORT PURSUANT TO 11 U.S.C. §1188(c)**<br><br>Hearing Date:   August 16, 2022<br>Hearing Time:   9:30 a.m. |

Debtor and Debtor in Possession, SCOTT A. CORRIDAN ("Debtor") by and through counsel, Kevin A. Darby, Esq. of Darby Law Practice, Ltd., hereby submits this status conference report pursuant to by 11 U.S.C. § 1188(c). Section 1188(c), requires a Small Business Reorganization Act ("SBRA") Debtor to, not later than 14-days before the status conference scheduled under § 1188(a), file with the Court and serve on the trustee and all parties in interest a report that details the efforts the Debtor has undertaken, and will undertake, to attain consensual plan confirmation. Pursuant to this requirement, Debtor hereby reports as follows:

1. **General Background.**

Debtor is an interior designer doing business as Scott Corridan Designs, a sole proprietorship. This bankruptcy case was filed to preserve Debtor's real property from a foreclosure sale and to provide a forum for Debtor to resolve his debt obligations in an orderly fashion.

///

**2. Plan of Reorganization.**

Debtor acknowledges, pursuant to 11 U.S.C. § 1189(b), the his small business plan of reorganization must be filed not later than 90-days after the order for relief. Debtor will comply with § 1189(b) and file a plan by the October 10, 2022 deadline. Debtor will commit all of his disposable monthly income to fund a plan for a period of 60-months. The plan will provide for general unsecured creditors to receive at least as much as they would receive in a liquidation case. Debtor anticipates that his disposable monthly income will first be disbursed to administrative creditors, until paid in full. After administrative claims are paid in full, Debtor's disposable monthly income will be paid toward priority tax claims, until those claims are paid in full. Then, Debtor's disposable monthly income will be disbursed to general unsecured creditors on a pro rata basis, through the end of the plan term. It is likely there will be a balloon payment made at the end of the 60-month plan term. However, Debtor reserves the right to file a plan that is not consistent with the foregoing.

**3. Report on Consensual Confirmation.**

    **a. Administrative Claims**

Debtor anticipates paying certain administrative claims through the plan in accordance with 11 U.S.C. § 1191(e). Debtor projects administrative creditors paid through the plan will include Debtor's reorganization counsel and the Subchapter V Trustee. Debtor believes the treatment of administrative claims under Debtor's plan will be consensual.

    **b. Priority Tax Claims**

Debtor believes there are three priority tax claims, which are held by the Internal Revenue Service, Nevada Department of Taxation and State of California Franchise Tax Board, respectively.[1] Debtor anticipates the plan will provide for the payment of all priority tax claims in full, with interest as allowed by law, within 60-months from the date this case was filed. Debtor has not yet communicated with any holders of priority tax claims regarding plan terms, but does expect to reach

---

[1] The claims of the Internal Revenue Service and State of California Franchise Tax Board were not scheduled in Debtor's original Schedule E. Debtor is in the process of preparing amended schedules, which will add those two claims.

consensual plan terms for priority tax claims.

      **c.  Secured Claims**

There are thirteen scheduled secured claims in this case, all of which are secured by Debtor's real property located at 223 Pelton Lane, Incline Village, Nevada.  Three of the secured claims are perfected with consensual deeds of trust and three of the secured claims are statutory liens.  The remaining seven secured claims are judgment liens.  At the present time, it is anticipated that most secured claims will be paid in full with interest over a 60-month plan term.  The Debtor's counsel has not yet had any initial conversations with counsel for judgment lienholders. Debtor is hopeful consensual plan terms will be reached with the judgment lienholder, but realizes it may be difficult to reach consensual terms with all secured claimholders.  Debtor believes the Subchapter 5 Trustee will be particularly helpful in this case to work between Debtor and creditors to reach consensual plan terms.

      **d.  General Unsecured Claims**

Debtor currently anticipates unsecured creditors will be impaired under the plan and will not be paid in full.  The plan will provide a return to general unsecured creditors that will exceed what unsecured creditors could expect to receive in a Chapter 7 liquidation. Debtor's counsel has had an initial conversation with counsel for one general unsecured creditors.  However, it is too early to determine whether consensual confirmation will be occur with unsecured creditors in this case.

**4.  Filed Claims.**

The deadline to file a proof of claim in this case is September 20, 2022 for non-government claimholders January 8, 2023 for governmental bodies.  As of the date of this status report, only two proofs of claim have been filed in this case. The first claim was filed by the State of Nevada Department of Taxation for secured and priority tax claims.  The second claim was filed by Ford Motor Credit Company, LLC ("Ford").  The Debtor is not aware of any claim owed to Ford and will object to that claim.

**5.  Pending Matters.**

The only matter pending before the Court at the time of this status report is the application to employ Debtor's general reorganization counsel.

**6. Additional Matters.**

Debtor also anticipates filing an application to employ special counsel and a certified public accountant. Debtor may also need to employ an appraiser to value his real property. Debtor does not anticipate any lien stripping at this time, but that could change depending upon the valuation of Debtor's real property. Additional matters may also arise. In particular, Debtor expressly reserves the right to file objections to claims filed in this case in accordance with Local Rule 3007.1.

DATED 2nd day of August, 2022.

                                                DARBY LAW PRACTICE, LTD.

                                                By:  */s/ Kevin A. Darby*
                                                       KEVIN A. DARBY, ESQ.
                                                       Counsel for Debtor