KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile:  (775) 996-7290
E-mail: kad@darbylawpractice.com
       tricia@darbylawpractice.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

SCOTT A. CORRIDAN,

           Debtor.

_____/

CASE NO.:    BK-N-22-50366-NMC
Chapter 11 Subchapter V

**AMENDED APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF CAROLE M. POPE AS SPECIAL COUNSEL FOR DEBTOR**

Hearing Date: September 6, 2022
Hearing Time: 9:30 a.m

Debtor and Debtor in Possession, SCOTT A. CORRIDAN ("Debtor"), hereby submits this application (the "Application") for an order pursuant to Section 327(e) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the District of Nevada (as amended, the "Local Rules"), authorizing the retention and employment of CAROLE M. POPE, ESQ. of the Law Offices of Carole M. Pope, APC (together "Pope") as special counsel to represent Debtor in pending foreclosure mediation and a related ongoing appeal pending before the Supreme Court of Nevada. This Application is supported by the Declaration of Carole M. Pope, Esq. filed herewith (the "Pope Declaration") and is based on the following points and authorities.

///

///

///

## POINTS AND AUTHORITIES

### I. Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### II. Relief Requested

2. By this Application, Debtor seeks to employ and retain Pope to represent the Debtor in certain pending state court foreclosure mediation, including an appeal pending before the Nevada Supreme Court. Debtor respectfully requests that the Court enter an order pursuant to Bankruptcy Code Section 327(e) authorizing the Debtor to employ and retain Pope to represent Debtor in a pending appeal and related underlying state court foreclosure mediation.

### III. Background Facts

3. Debtor is currently a petitioner in a certain Nevada state court foreclosure mediation pending in the Second Judicial District Court for the State of Nevada (the "State Court") as Case No. CV21-01705 (the "State Court Foreclosure Mediation"), which was commenced before this case was filed. That matter is related to a foreclosure action by Thomas Glazier on a deed of trust recorded against Debtor's residence (the "Glazier Deed of Trust"). *Pope Declaration,* ¶ 2.

4. On June 1, 2022, the State Court entered an Order for Foreclosure Certificate to Issue, in which the Court found the Debtor had stipulated that $378,737.33 is due and owing to Mr. Glazier on the note underlying the Glazier Deed of Trust (the "State Court Order"). Debtor denies ever agreeing to the amount owed to Mr. Glazier. In fact, the correct balance owed to Mr. Glazier was a hotly contested issue throughout the State Court Foreclosure Mediation. *Pope Declaration,* ¶3.

5. Debtor filed an appeal of the State Court Order that is presently pending before the Supreme Court of Nevada as Case No. 84954 (the "Appeal"). The primary issue in the appeal is whether Debtor stipulated to the amount owed under a certain deed of trust that is the subject of the State Court Foreclosure Mediation. *Pope Declaration,* ¶4.

///

6. Pope is counsel of record for Debtor in the State Court Foreclosure Mediation and Appeal. *Pope Declaration,* ¶5.

7. Debtor did not owe Pope any attorney's fees, costs or other amount at the time this case was filed and/or Ms. Pope has agreed to waive and forego any prepetition claim against Debtor or his bankruptcy estate. *Pope Declaration,* ¶7.

8. Pope has agreed to continue to represent Debtor in the State Court Foreclosure Mediation and Appeal. *Pope Declaration,* ¶6.

9. Pope has agreed to bill Debtor at an hourly rate of $325 in accordance with the Attorney-Client Fee Agreement attached to the Pope Declaration as Exhibit 1. *Pope Declaration,* ¶8.

**IV.    Services to Be Provided**

10. Subject to further order of the Court, the Debtor requests Court approval of its employment of Pope to continue to represent Debtor and to render all reasonable, necessary and required legal services to represent Debtor in the State Court Foreclosure Mediation and Appeal.

11. The Debtor submits that it is essential to employ Pope as special counsel to provide the above services, which are necessary to enable the Debtor to execute faithfully its duties as debtor in possession.

**V.    Basis for Relief**

12. Section 327(e) of the Bankruptcy Code authorizes a debtor-in-possession to employ, for a specified purpose, other than to represent the trustee generally in fulfilling its duties in the case, an attorney who has represented the debtor. 3 Collier on Bankruptcy ¶ 327.04[9]. Unlike § 327(a), § 327(e) does not require disinterestedness. *In re Film Ventures Int'l, Inc.*), 75 B.R. 250, 252 (9th Cir. BAP 1987). Rather, § 327(e) only requires that the employment of an attorney be in the best interest of the estate and that the attorney not represent or hold an interest adverse to the debtor or the estate with respect to the matter on which the attorney is to be employed. 11 U.S.C. § 327(e).

13. Debtor seeks approval of its employment of Pope as counsel in the State Court Foreclosure Mediation and Appeal. Debtor has selected Pope as counsel because of her experience and knowledge in litigating matters in the State of Nevada. Debtor respectfully submits that Pope is

1. well qualified to serve as counsel and assume the responsibilities required to render efficient representation to the Debtor in the Appeal and State Court Foreclosure Mediation.

14. Employment of Pope is in the best interest of the bankruptcy estate because it is necessary to preserve the Debtor's rights to object to claims in the Bankruptcy Court. It is unlikely there will be much, if any, litigation in the State Court after the appeal is decided. Without employing Pope, Debtor will not be able to pursue the Appeal could lose the right to object to Mr. Glazier's claim. Therefore, employment of Pope is essential to preserve the rights of the bankruptcy estate and is in the best interest of creditors.

15. Pope does not currently, and will not during its representation of Debtor, hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

## VI.    **Professional Compensation**

16. Debtor submits it is necessary to employ Pope to render the foregoing professional services. Pope intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Local Rules and pursuant to any applicable procedures or orders established by the Court. Pope shall submit with its fee applications detailed daily time entries for each individual providing services in one-tenth (.10) hour increments, explaining services provided as well as a categorized summary of disbursements and expenses for which Pope is seeking reimbursement.

17. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes to pay Pope her customary hourly rates in effect from time to time as set forth in the Pope Declaration. Presently, Ms. Pope's hourly rate is $325.00. The Debtor submit those rates are reasonable.

///

///

///

**VII.   Conclusion**

Based on the foregoing, Debtor respectfully request entry of an order granting this Application.

DATED this 5th day of August, 2022.

                                        DARBY LAW PRACTICE, LTD.

                                        By:   */s/ Kevin A. Darby*
                                              KEVIN A. DARBY, ESQ.
                                              Counsel for Debtor