STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
850 E. Patriot Way, Suite F
Reno, NV 89511
Telephone:  (775) 786-7600
Facsimile:  (775) 786-7764
Email: steve@harrislawreno.com
Attorneys for Nate and Michelle Mudd
and Home Run Northstar, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

IN RE:

SCOTT A. CORRIDAN,

Debtor.

_____/

BK-22-50366-nmc
(Chapter 11)

**MOTION FOR ORDER EXTENDING TIME TO FILE COMPLAINT OBJECTING TO <u>DISCHARGEABILITY OF DEBTS</u>**

Hrg. Date:  TBD
Hrg. Time:  TBD
Est. Time:  15 minutes
Set By:      Calendar Clerk

COME NOW, NATE MUDD and MICHELLE MUDD, husband and wife, and HOME RUN NORTHSTAR, LLC, a California limited liability company (Nate Mudd, Michelle Mudd, and Home Run Northstar, LLC, collectively referred to as the "Creditors" or "Movants"), by and through their attorneys, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, and hereby move for an order extending the time in which Creditors may file an adversary complaint for a determination of the nondischargeability of their debts pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6), as to the above-named debtor, Scott A. Corridan (the "Debtor"), as more fully described below. This Motion is made pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §523(c) and is based upon the following points and

1

authorities, together with all the pleadings and papers on file in this case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence.

## FACTUAL BACKGROUND

1. Debtor Scott A. Corridan ("Debtor") filed a voluntary Subchapter V Chapter 11 Petition on July 12, 2022. Edward M. Burr was appointed as the Subchapter V Trustee in this case.

2. Debtor is an interior designer, conducting business as a sole proprietor under the dba Scott Corridan Designs.

3. Creditors filed their Proof of Claim on September 20, 2022, as Claim 14 in the amount of $61,456. *See* Claim 14.

4. Debtor filed his *Subchapter V Plan of Reorganization* on October 10, 2022 [DE 59] ("Plan"). The Debtor's Plan was originally set for confirmation on December 6, 2022, at 9:30 a.m., at which time the Court continued the confirmation hearing to February 2, 2023, at 9:30 a.m.

5. On November 8, 2022, Creditors also filed a *Motion to Convert Case to Chapter 7* [DE 75] ("Motion to Convert") based in part on the Debtor's failure to pay post-petition tax liabilities. The Motion to Convert was heard by the Court on December 6, 2022, at 9:30 a.m., and continued to February 2, 2023, at 9:30 a.m.

6. Pursuant to a stipulation between Creditors and the Debtor, the current deadline is December 30, 2022, for Creditors to file a complaint objecting to dischargeability of their debts pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6). *See* DE 66.

## LEGAL ARGUMENT

11 U.S.C. § 523(a)(2)(A) excepts from discharge debts obtained through actual fraud, fraudulent misrepresentations, and fraudulent conveyances. *See* 11 U.S.C. § 523(a)(2)(A; *Husky Intern. Electronics, Inc. v. Ritz*, 578 U.S. 355, 366 (2016). Rule 4007(c) provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

Here, Creditors believe their claims against Debtor may fall under one of the exceptions to discharge because of the Debtor's conduct. The time to file a complaint pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6) expires on December 30, 2022, and this Motion is being filed before the time has expired. Creditors respectfully request an additional 60 days to conclude their investigation and evaluate the merits of their potential Section 523(a)(2),(4) and/or (6) claims against Debtor. Additionally, the hearings on the Motion to Convert and Plan confirmation were continued to February 2, 2023, at 9:30 a.m., and the outcome of this case will be more evident after those hearings so that Creditors can better decide whether it is worthwhile to file a complaint against Debtor. Thus, Creditors believe cause exists for a reasonable 60-day extension of time to file their complaint.

## CONCLUSION

Based on the foregoing, Creditors Nate Mudd, Michelle Mudd, and Home Run Northstar, LLC,  respectfully request that this Court enter an order granting this Motion and extending the deadline for them to file a complaint to determine the nondischargeability of their debts pursuant to Section 523(a)(2), (4) and (6) for 60 days from December 30, 2022, to and including February 28, 2023; and for such other and further relief as this Court deems appropriate.

DATED this 30th day of December 2022.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC

*/s/ Stephen R. Harris*

_____
Attorneys for Creditors