NATHAN R. ZELTZER, ESQ
Law Office of Nathan R. Zeltzer, Ltd.
SBN 5173
232 Court St.
Reno, Nevada 89501
(775) 786-9993
nrzbk@yahoo.com
*Attorney for Creditor/ Movant*

ECF filed:  5/24/23

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

SCOTT A. CORRIDAN,

    Debtor(s)

---------------------------------------------/

Case No.    BK-22-50366-nmc
Chapter 11

**MOTION TO APPROVE ADMINISTRATIVE CLAIM**

Hearing Date:  June 28, 2023
Hearing Time: 2:00 P.M.

    The Movant, LAUREN E. MARSHALL, (hereafter Movant) by and through her attorney, NATHN R. ZELTZER, moves this honorable Court for and Order Approving an Administrative Claim for post-petition wages.  This Motion is brought pursuant to the Points and Authorities included herein, prior pleadings filed with this court and on further oral argument of counsel as maybe presented at the time of the hearing.

1

I. FACTS

The debtor filed under Chapter 11 of the Bankruptcy Code on July 12, 2022. The Movant was an employee of the Debtor. Ms. Marshall worked for the Debtor from approximately September 2018 to January 6, 2023. Movant was a senior interior designer and project manager for the Debtor. When the Debtor filed his bankruptcy the Movant's hourly pay was $45.00 per hour. On August 6, 2023, Movant's hourly pay increased to $50.00 per hour.

Movant has filed a proof of claim in this case for pre-petition wages on May 10, 2023, in the amount of $5,902.98. The Debtor used a payroll service, Sitkoff & O'Neil, to perform his payroll accounting responsibilities for him. The Movant received paycheck stubs for her post-petition services, but never was paid for these services. The Movant is owed $40,719.33, and unreimbursed costs in the amount of $690.96, for work completed for the Debtor after he filed his bankruptcy case and that was beneficial to his business.

II. LEGAL ARGUMENT

11 U.S.C. §503(b)(1)(A), includes an allowance for an administrative claim requested by an employee who is owed wages after their employer files for Chapter 11 bankruptcy. Section 503(b)(1)(A), allows for administrative expenses, "including … the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case …." Administrative expenses must be the actual and necessary costs of preserving the estate for the benefit of its creditors. The terms 'actual' and 'necessary' are [to be] construed narrowly. See *Burlington N.R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.), 853 F.2d 700, 706 (9th Cir. 1988)* . Here Movant was an employee of the Debtor who contributed her services to the Debtor's company and is owed back pay for these services.

To establish an administrative expense claim, a claimant must show that the debt:

2

(a) arose from a transaction with the debtor in possession as opposed to the preceding entity …; and

(b) directly and substantially benefitted the estate.  See [Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.), 66 F.3d 1091, 1094 (9th Cir. 1995)](#).  In the present case the Movant provided necessary services for the Debtor to continue to run and operate his business.  Without her services the Debtor would not have been able to continue operating the business in a manner that would protect creditors in this case.

The Movant requests that she be granted an order approving her unpaid post-petition wages as an administrative claim under §503(b)(1)(A) in the amount of $40,719.33, and reimbursement of costs in the amount of $690.96.  This claim is appropriate to compensate the Movant for the services and costs provided to the Debtor.  It is further requested that Movant's administrative claim be classified as an administrative claim in Debtor's 1st Amended Plan of Reorganization for Scott A. Corridan filed on April 30, 2023, and amended on May 22, 2023.  The Movant further requests that her claim be classified as an Article 3, class 3.02 claim in above mentioned 1st Amended Chapter 11 Plan.

WHEREFORE, it respectfully requested that,

1. That the Movant's Motion to Approve Administrative Claim be allowed in this case in the amount of $41,410.29.
2. That Movant's Administrative Claim be classified as an Article 3, class 3.02 claim in above mentioned 1st Amended Chapter 11 Plan.
3. And for such other relief that is just and equitable.

Dated this 24 day of May 2023.

/s/ NATHAN R. ZELTZER
Nathan R. Zeltzer, Esq.
Attorney for Movant