Law Office of Nathan R. Zeltzer
Nathan R. Zeltzer, Esq., SBN 5173
232 Court St.
Reno, Nevada 89501
(775) 329-6400

Attorney for Creditors
Steve & Terre Baldwin

ECF filed: 6/23/2023

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \*

In re:

SCOTT A. CORRIDAN,

        Debtor.
_____/

Case No. BK-22-50366-hlb
(Chapter 7)

**NOTICE TO REDACT PROTECTED PRIVATE INFORMATION - LOCAL RULE 9037(b)**

Hearing Date: n/a
Hearing Time: n/a

NOTICE IS HEREBY GIVEN that Debtor's and Creditors' bank account numbers were inadvertently included in Exhibit "A" to the Motion for Attorneys Fees and Costs filed in this case on June 23, 2023, as DOC 169. This information should not be divulged to the public and is now accessible to the public through the PACER on-line document retrieval system. A copy of the redacted Exhibit "A" is attached hereto for replacement of the prior Exhibit "A" to the Motion for Attorney Fees and Costs.

Dated this 23rd day of June 2023

/s/ Nathan R. Zeltzer
Nathan R. Zeltzer, Esq.
Attorney for Creditors

1

# EXHIBIT "A"

# EXHIBIT "A"

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Agreement") is made and entered into as of April 19, 2019 (the "Effective Date"), between and among Steven Baldwin and Terre Baldwin (collectively, "Baldwins"), on the one hand, and Scott Corridan Design ("SCD") and Scott Corridan ("Corridan") (collectively, the "SCD Parties"), on the other hand. Baldwins and the SCD Parties are collectively referred to herein as the "Parties" and each individually as a "Party."

## RECITALS

WHEREAS, the Baldwins are the owners of a residence located at 870 Freels Peak, Incline Village, NV 89451 (the "Property").

WHEREAS, effective on or about April 3, 2018, the Baldwins entered into a contract with SCD for SCD to provide certain interior design services at the Property, in exchange for a design fee, billable time spent by SCD on Additional Work, and mark up on items purchased for the Project, as more specifically set forth in the interior design contract (the "Design Contract").

WHEREAS, since April 3, 2018, SCD performed certain interior design services and related project management services in connection with furnishing the Property (the "Project").

WHEREAS, in or around late September 2018, a dispute arose between the Parties regarding the status and disposition of certain interior design items (e.g., furniture and lighting accessories) ordered by the Baldwins from SCD for the Project.

WHEREAS, SCD contends, among other things, that it fully performed all of its obligations under the Design Contract through the Effective Date, and that delays, if any, are solely attributable to, or excused by, the Baldwins' requests to pause work on the Project or other changes made by the Baldwins to the original Project.

WHEREAS, the Baldwins dispute SCD's contentions, and further contend that they are entitled to a refund of all monies they have paid to SCD for interior design items, sales tax on those items, and

SCD markup charged on those items, as of the Effective Date; that SCD breached its obligations to the Baldwins under the Design Contract; and that SCD committed certain alleged torts in connection with the Project.

WHEREAS, SCD disputes all of the Baldwins' contentions.

WHEREAS, to avoid the cost, uncertainty, and inconvenience of litigation, the Parties have agreed to fully and completely resolve, compromise, and settle all disputes, claims, causes of action, actions, liabilities, and damages arising out of, based upon, or relating to (i) the Project, (ii) the Design Contract, and (iii) any and all services rendered by the SCD Parties to the Baldwins in connection with the Project or the Design Contract (collectively, the "Disputes"), pursuant to the terms of this Agreement.

## AGREEMENT

Therefore, in consideration of the above Recitals, which are incorporated herein by reference, and the mutual promises, agreements, and releases set forth herein, the Parties hereby agree as follows:

1. <u>Payment to Baldwins</u>. SCD agrees to pay the Baldwins, collectively, the total sum of Seventy-Four Thousand Nine Hundred Seventy Eight Dollars and Sixty Six Cents ($74,978.66) (the "Settlement Sum"). The payment shall be sent prior to 5:00 p.m. PDT on Monday, April 22, 2019 by wire transfer to the following account:

| | |
|---|---|
| Bank Name: | Citibank, NA |
| Bank Address: | 399 Park Ave |
| | New York, NY 10022 |
| ABA/Routing: | 021000089 |
| Account Number: | ▓▓▓▓▓ |
| Account Name: | Charles Schwab |
| For further Credit to: | Steve and Therese Baldwin |
| | ▓▓▓▓▓ |

2. <u>Disposition of Undelivered Project Items; No Further Services or Payments</u>. From and after October 1, 2018, the Baldwins shall not be entitled to receive any additional

Project items, such as furniture, accessories, art, or decorations ("Items"), which were not delivered to the Property as of October 1, 2018, nor shall the Baldwins be entitled to receive a refund of any monies relating to such Items. For clarity, the only amounts due to the Baldwins from the SCD Parties in connection with the Project are as set forth in paragraph 1 of this Agreement, above, and the Baldwins shall have no obligation to make any further payments to SCD in connection with the Project. SCD shall be entitled to make whatever use of undelivered Project Items as SCD deems appropriate in its sole discretion, including, without limitation, canceling such Items and retaining any refund from the vendor, keeping the Items, or repurposing Items for SCD's other interior design projects. Additionally, from and after October 1, 2018, the Project shall be considered terminated and SCD shall not be obligated to provide any further services to the Baldwins in connection with the Project.

3. <u>Each Party to Bear Own Attorneys' Fees and Costs</u>. Except as otherwise provided herein, each Party to this Agreement agrees to bear his, her, or its own attorneys' fees and costs incurred in connection with the Disputes and with the drafting, negotiation, and execution of this Agreement, through the Effective Date.

4. <u>Release of Claims by the Baldwins</u>.

(a) Subject to the provisions of subparagraph 4(d) of this Agreement, upon the Effective Date, Steven Baldwin and Terre Baldwin, on behalf of themselves and, as appropriate, any of their present or former spouses, heirs, successors, assigns, partners, co-venturers, agents, employees, assigns, insurers, representatives, accountants, lawyers, and all persons acting by, through, under or in concert with them, or any of them (collectively, the "Baldwin Releasors"), hereby fully and completely release and forever discharge SCD, Scott Corridan, and their present and former spouses, heirs, successors, assigns, partners, co-venturers, agents, employees, assigns, insurers, representatives, accountants, lawyers, and all persons acting by, through, under or in concert with them, or any of them (collectively, the "SCD Releasees") of and from any and all manner of action or actions, cause or

causes of action, in law or in equity, and any suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, attorneys' fees, costs, and expenses, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent (hereinafter collectively called "Claims") that any of the Baldwin Releasors have had, now have, or may hereafter have against the SCD Releasees, from the beginning of time to the Effective Date, arising out of, based upon, or relating to (i) the Project, (ii) the Design Contract, (iii) any and all services rendered by the SCD Parties to the Baldwins in connection with the Project or the Design Contract, or (iv) the Disputes.

    (b)    BALDWINS ACKNOWLEDGE THAT THEY ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM, HER, OR IT MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

BALDWINS, HAVING CONSULTED WITH THEIR ATTORNEY, AND BEING AWARE OF SAID CODE SECTION, EXPRESSLY WAIVE ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT, WITH RESPECT TO THE CLAIMS RELEASED HEREIN.

    (c)    The Baldwins represent and warrant that they are the only persons or entities who have any interest in any of the matters herein released, that no other person or entity has any interest in any of the matters herein released, and that there has been no assignment or other transfer of any interest in any of the Claims which they may have against the SCD Releasees. The Baldwins agree to defend, indemnify, and hold the SCD Releasees harmless against any Claims that result from

anyone asserting any such assignment or transfer. The Baldwins agree that if the Baldwin Releasors, or any of them, hereafter commence, join in, or in any manner seek relief through any suit or action arising out of, based upon, or relating to any of the Claims released herein, or in any manner assert against the SCD Releasees any of the Claims released hereunder, then the responsible Baldwin Releasors shall pay to the SCD Releasees, in addition to any other damages caused to the SCD Releasees thereby, all attorneys' fees incurred by the SCD Releasees in defending or otherwise responding to said suit or Claim.

(d) Nothing in this paragraph 4 shall be construed as a release by the Baldwin Releasors of any of the rights, duties, obligations, or entitlements created by this Agreement.

5. Release of Claims by the SCD Parties.

Subject to the provisions of subparagraph 5(d) of this Agreement, upon the Effective Date, the SCD Parties, on behalf of themselves and, as appropriate, any of their present or former spouses, heirs, successors, assigns, partners, co-venturers, agents, employees, assigns, insurers, representatives, accountants, lawyers, and all persons acting by, through, under or in concert with them, or any of them (collectively, the "SCD Releasors"), hereby fully and completely release and forever discharge Steven Baldwin and Terre Baldwin and their present and former spouses, heirs, successors, assigns, partners, co-venturers, agents, employees, assigns, insurers, representatives, accountants, lawyers, and all persons acting by, through, under or in concert with them, or any of them (collectively, the "Baldwin Releasees") of and from any and all manner of action or actions, cause or causes of action, in law or in equity, and any suits, debts, liens, contracts, agreements, promises, liabilities, Claims, demands, damages, losses, attorneys' fees, costs, and expenses, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, that any of the SCD Releasors have had, now have, or may hereafter have against the Baldwin Releasees, from the beginning of time to the Effective Date, arising out of, based upon, or relating to (i) the Project, (ii) the

Design Contract, (iii) any and all services rendered by the SCD Parties to Baldwins in connection with the Project or the Design Contract, or (iv) the Disputes; provided, however, that the release set forth in this subparagraph 5(a) does not include, and shall not release the Baldwin Releasees from, any Claims that any of the SCD Releasors have had, now have, or may hereafter have against the Baldwin Releasees, from the beginning of time to the Effective Date, arising out of, based upon, or relating to any use or disclosure of confidential, proprietary, or trade secret information obtained by Steven Baldwin during his visit to SCD's Incline Village, Nevada office on October 29, 2018.

(b)     THE SCD PARTIES ACKNOWLEDGE THAT THEY ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM, HER, OR IT MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

THE SCD PARTIES, HAVING CONSULTED WITH THEIR ATTORNEY, AND BEING AWARE OF SAID CODE SECTION, HEREBY EXPRESSLY WAIVE ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT, WITH RESPECT TO THE CLAIMS RELEASED HEREIN.

(c)     The SCD Parties represent and warrant that they are the only persons or entities who have any interest in any of the matters herein released, that no other person or entity has any interest in any of the matters herein released, and that there has been no assignment or other transfer of any interest in any of the Claims which they may have against the Baldwin Releasees. SCD Parties agree to defend, indemnify, and hold the Baldwin Releasees harmless against any Claims that result

from anyone asserting any such assignment or transfer. SCD Parties agree that if the SCD Releasors, or any of them, hereafter commence, join in, or in any manner seek relief through any suit or action arising out of, based upon, or relating to any of the Claims released herein, or in any manner assert against the Baldwin Releasees any of the Claims released hereunder, then the responsible SCD Releasors shall pay to the Baldwin Releasees, in addition to any other damages caused to the Baldwin Releasees thereby, all attorneys' fees incurred by the Baldwin Releasees in defending or otherwise responding to said suit or Claim.

(d) Nothing in this paragraph 5 shall be construed as a release by SCD Releasors of any of the rights, duties, obligations, or entitlements created by this Agreement.

6. <u>No Admission</u>. This Agreement effects a settlement of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to the other Party or Parties except as created or referred to herein.

7. <u>Entire Agreement</u>. This Agreement contains the entire understanding and agreement between the Parties with respect to the settlement of the Disputes and the subjects referenced in this Agreement. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the Parties. The Parties each acknowledge that they have not executed this Agreement in reliance on any such representations, covenants, undertakings, or other prior or contemporaneous agreements.

8. <u>Severability</u>. If any provision of this Agreement as applied to any Party or to any circumstance shall be adjudged by a court of competent jurisdiction to be void and unenforceable, the same shall in no way affect:

(a) Any other provision in this Agreement;

(b) The application of such provision in any other circumstances; or

DocuSign Envelope ID: CC5201C1-3C3F-46E2-A00C-FFA8D32A5DE4

(c) The validity or enforceability of the Agreement as a whole.

9. <u>Binding On Successors</u>. This Agreement and the covenants and conditions contained herein shall apply to, be binding upon, and inure to the respective administrators, trustees, executors, legal representatives, assignees, successors, agents, assigns, and estates of each of the Parties.

10. <u>Construction</u>. This Agreement was the product of negotiation between the Parties and shall be construed as if all Parties jointly prepared this Agreement. The language of the Agreement shall not be construed for or against any particular Party.

11. <u>Governing Law</u>. This Agreement is to be interpreted, enforced, and governed by and under the laws of the State of California. The Parties agree that this Agreement was made in the County of Placer, State of California.

12. <u>Modification</u>. This Agreement shall not be modified by any Party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by all Parties.

13. <u>Enforcement</u>. If any Party to this Agreement brings an action to interpret this Agreement or enforce that Party's rights with respect to a breach hereunder, then the prevailing Party shall be entitled to recover his, her, or its costs and expenses, including reasonable attorneys' fees, if any, incurred in connection with such proceeding.

14. <u>Further Documents and Acts</u>. The Parties shall execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the provisions of this Agreement.

15. <u>Counterparts</u>. This Agreement may be executed in counterparts. Execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument. Counterparts shall be deemed to be an original for all purposes and shall be effective as of the Effective Date.

DocuSign Envelope ID: CC5201C1-3C3F-46E2-A00C-FFA8D32A5DE4

16. <u>Facsimile/Scanned Signatures</u>. This Agreement may be executed by facsimile or by scanning the original signature into .pdf format and communicating said signature via email ("Scanned Signature"). A facsimile signature or Scanned Signature shall be deemed to be an original signature on this Agreement.

17. <u>Advice of Counsel</u>. The Parties hereto, and each of them, represent and declare that in executing this Agreement, they rely solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and Claims and their obligations hereunder. Each of the Parties further represents that the terms of this Agreement are fully understood and voluntarily accepted by each Party, without any duress or undue influence.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

DATED: April ___, 2019          STEVEN BALDWIN

                                _____


DATED: April ___, 2019          TERRE BALDWIN

                                _____


[*signatures continued on next page*]

circumstance shall be adjudged by a court of competent jurisdiction to be void and unenforceable, the same shall in no way affect:

    (a)    Any other provision in this Agreement;

    (b)    The application of such provision in any other circumstances; or

    (c)    The validity or enforceability of the Agreement as a whole.

9. **Binding On Successors.** This Agreement and the covenants and conditions contained herein shall apply to, be binding upon, and inure to the respective administrators, trustees, executors, legal representatives, assignees, successors, agents, assigns, and estates of each of the Parties.

10. **Construction.** This Agreement was the product of negotiation between the Parties and shall be construed as if all Parties jointly prepared this Agreement. The language of the Agreement shall not be construed for or against any particular Party.

11. **Governing Law.** This Agreement is to be interpreted, enforced, and governed by and under the laws of the State of California. The Parties agree that this Agreement was made in the County of Placer, State of California.

12. **Modification.** This Agreement shall not be modified by any Party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by all Parties.

13. **Enforcement.** If any Party to this Agreement brings an action to interpret this Agreement or enforce that Party's rights with respect to a breach hereunder, then the prevailing Party shall be entitled to recover his, her, or its costs and expenses, including reasonable attorneys' fees, if any, incurred in connection with such proceeding.

14. **Further Documents and Acts.** The Parties shall execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the provisions of this Agreement.

15. **Counterparts.** This Agreement may be executed in counterparts. Execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument. Counterparts shall be deemed to be an original for all purposes and shall be effective as of the Effective Date.

16. **Facsimile/Scanned Signatures.** This Agreement may be executed by facsimile or by scanning the original signature into .pdf format and communicating said signature via email ("Scanned Signature"). A facsimile signature or Scanned Signature shall be deemed to be an original signature on this Agreement.

17. **Advice of Counsel.** The Parties hereto, and each of them, represent and declare that in executing this Agreement, they rely solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and Claims and their obligations hereunder. Each of the Parties further represents that the terms of this Agreement are fully understood and voluntarily accepted by each Party, without any duress or undue influence.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

DATED: April 18, 2019    STEVEN BALDWIN

*/s/ Steven Baldwin/*

DATED: April 18, 2019    TERRE BALDWIN

*/s/ Terre Baldwin/*

DocuSign Envelope ID: CC5201C1-3C3F-46E2-A00C-FFA8D32A5DE4

DATED: 4/19/2019                SCOTT CORRIDAN DESIGN

                                —DocuSigned by:
                                *Scott Corridan*
                                —3C493B120D0943E...
                                By: Scott Corridan
                                    Its: Sole Proprietor


DATED: 4/19/2019                SCOTT CORRIDAN

                                —DocuSigned by:
                                *Scott Corridan*
                                —3C493B120D0943E...